UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Rome

OCT 12 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| FLANIGAN'S ENTERPRISES, INC. OF GEORGIA, et al., | |
| Plaintiffs, | CIVIL ACTION |
| v. | NO. 1:01-CV-3109-RLV |
| FULTON COUNTY, GEORGIA, et al., | |
| Defendants. | |

| | |
|---|---|
| CEEDA ENTERPRISES, INC. d/b/a Riley's Restaurant and Lounge, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:01-CV-3696-RLV |
| FULTON COUNTY, GEORGIA, et al., | |
| Defendants. | |

O R D E R

These are actions pursuant to 42 U.S.C. § 1983, in which the plaintiffs challenge the constitutionality of Fulton County's 2001 Adult Entertainment Establishment Ordinance. The plaintiffs claim that the licensing scheme as a whole violates their rights under the First, Fifth, and Fourteenth Amendments to the Constitution of the United States. Pending before the court are the plaintiffs' Motions for Summary Judgment [Doc. No. 68, Flanigan's Enterprises,

Inc. of Georgia; Doc. No. 70, Ceeda Enterprises, Inc.][1] [Because the plaintiffs' motions and subsequent supplemental briefs incorporate each other's motions by reference or adopt the same position, these submissions will hereinafter be cited as "plaintiffs' Motions."]

On April 7, 2004, this court denied Fulton County's Motion to Dismiss and concluded that the county had failed to establish that the ordinance furthered an important governmental interest.[2] Subsequently, Fulton County also defended the constitutionality of the ordinance in an unrelated case in Fulton County Superior Court. In Maxim Cabaret, Inc. v. Fulton County, Civil Action No. 2003-CV-78259 (Fulton County Superior Court Order, May 26, 2005), the judge held Fulton County's 2001 Adult Entertainment Establishment Ordinance to be an unconstitutional prior restraint on protected speech. While the plaintiffs submitted their Motions for Summary

---

[1] Although the plaintiffs in these cases originally filed separate suits (Flanigan's Enterprises, Inc. of Georgia, Docket Number 01-3109, and Ceeda Enterprises, Inc., Docket Number 01-3696), the Motion for Summary Judgment by Ceeda Enterprises, Inc. under consideration here was nevertheless electronically filed in the Flanigan's docket as well. Accordingly, all citations in this order to documents in the record will be in the Flanigan docket, 01-3109. Additionally, although Flanigan's submission Doc. No. 68] is incorrectly styled as a memorandum of law in support of the defendant's motion for summary judgment (and even prays for relief to that effect), it does specifically move this court for summary judgment; consequently, in the interests of judicial economy, this court will treat that document as a proper motion.

[2] Because this court was informed that the parties were attempting to settle the case, and because the plaintiffs did not move for summary judgment at that time, no further action was taken by this court.

2

Judgment in this case in light of the Superior Court's decision in Maxim, Fulton County also appealed the Maxim decision to the Georgia Supreme Court. This court then stayed these proceedings pending that court's decision. However, the Georgia Supreme Court ultimately dismissed that appeal as moot without rendering an opinion as to the constitutionality of the Fulton County ordinance. Fulton County v. Maxim Cabaret, Inc., No. S05A1893 (Ga. dismissed February 13, 2006).

It is significant that while the Georgia Supreme Court dismissed the appeal in Maxim as moot, that court did not vacate the superior court's decision. Consequently, a question remains as to whether the lower court judgment is still valid. Therefore, this court lifted its stay and permitted the parties in this case to supplement their motions as they related to their dispute over the effect, if any, of the Superior Court's ruling on the matters before this court. [Doc. No. 88.]

In their supplemental briefs in support of summary judgment, the plaintiffs argue that the Superior Court's decision remains intact and binding on this court because the Georgia Supreme Court only dismissed the appeal and did not vacate the lower court's ruling. Further, they argue that the Georgia Supreme Court's recent decision in I.D.K., Inc., v. Ferdinand, 277 Ga. 548 (2004), which upheld the constitutionality of the fee structure in the ordinance, is not controlling in this case. In the defendant's supplemental brief, Fulton County argues that the Superior Court's

judgment in Maxim has no precedential value for this court but that the Georgia Supreme Court's decision in I.D.K. is binding and, therefore, this court must similarly uphold the constitutionality of the Fulton County ordinance.

Notably, this court has previously concluded that the ordinance at issue does not further an important governmental interest, and thus is an unconstitutional violation of the plaintfiffs' rights under the First Amendment. Specifically, this court found that while the ordinance met the first, third, and fourth prongs of the test for content-neutral speech regulation under United States v. O'Brien, 391 U.S. 367, 377 (1968), the ordinance did not satisfy the second prong requirement that the regulation further an important governmental interest because Fulton County ignored the most relevant local study in favor of a less comprehensive study and foreign studies. Before this court considers the plaintiffs' Motions, it is worth summarizing the pertinent facts and rationale underlying this court's previous decision.

In 1997, Fulton County enacted an amendment to section 18-76 of the Fulton County code, which prohibited selling and consuming alcohol at adult entertainment establishments based on the county's belief that alcohol consumption at adult entertainment establishments contributed to increased criminal activity. However, the Eleventh Circuit Court of Appeals declared that ordinance unconstitutional because in developing a factual basis

for enacting section 18-76, Fulton County had unreasonably relied on foreign studies while rejecting its own current, empirical data. Flanigan's Enterprises, Inc. v. Fulton County, 242 F.3d 976, 986 (11th Cir. 2001)["Flanigan's I"]. The amendment to section 18-76 ignored a 1997 police department study, which had concluded that there were fewer incidents of crime and calls for service at adult entertainment establishments serving alcohol than at non-adult establishments serving alcohol. After the 1997 amendment to section 18-76 had been struck down, Fulton County proposed a new ordinance and commissioned a new police department study in 2001 to analyze the secondary effects of alcoholic consumption in adult entertainment establishments in Fulton County. [Adult and Non-Adult Entertainment Establishments Statistical Analysis from 1/1/98 to 12/31/00]["March 2001 Report"].

However, the March 2001 Report found that the secondary effect of alcoholic consumption in adult entertainment establishments did not result in an increased crime rate as it related to non-adult entertainment establishments serving alcohol—almost exactly the same conclusion of the 1997 study in Flanigan's I. Nevertheless, Fulton County subsequently held a hearing on the proposed ordinance, a newly written section 18-76 aimed at reducing criminal activity associated with adult entertainment establishments that serve alcohol. At the hearing, the police chief testified as to the results of investigations at three adult entertainment clubs and a targeted operation that had found numerous criminal

violations. Additionally, Fulton County conducted another, but more narrow, study of the secondary effects of alcoholic consumption in adult entertainment establishments. This later study, the July 2001 Report, looked at only three adult entertainment establishments, one of which was a BYOB club. [Report on Fulton County Adult Entertainment Businesses July, 2001][July 2001 Report]. The July 2001 Report found that there were numerous criminal violations at the two adult clubs serving alcohol while there were no violations reported at the BYOB club.³

Significantly, when Fulton County enacted the 2001 Adult Entertainment Establishment Ordinance, it relied on the July 2001 Report and the police investigations at three adult entertainment clubs (including two of the plaintiffs in this case sub judice) as evidence supporting the goals of the ordinance. However, Fulton County apparently did not even consider the more comprehensive March 2001 study when enacting the 2001 ordinance. Consequently, bound by the rule laid out by the Eleventh Circuit in Flanigan's I, 242 F.3d at 986, this court concluded "that it was unreasonable for Fulton County to ignore the most relevant local study in favor of

---

³In the April 7, 2004 order, this court recognized Fulton County's argument that the police chief's testimony and the July 2001 report were "extensive anecdotal evidence" of the negative secondary effects associated with alcohol and nude dancing. However, this court also noted that the July 2001 Report was fundamentally flawed because alcohol was almost certainly consumed at the one BYOB club that was used as a comparison to the two clubs selling alcohol. Moreover, this court was skeptical of the self-serving targeted investigations conducted in May and June 2001, in which the police department and its officers were likely aware of the result desired by the county.

a less comprehensive study and foreign studies". Because this court is aware of no new evidence, and Fulton County has offered none, showing the county's factual basis for enacting the ordinance, this court sees no reason to conclude differently now.

At issue in the supplemental briefs submitted by the parties in light of the Georgia Supreme Court's dismissal of Maxim Cabaret are essentially two questions: 1) whether the Superior Court's decision in that case is binding on this court, and 2) whether the Georgia Supreme Court's decision in I.D.K. is controlling in this case.

The Superior Court's decision in Maxim Cabaret is not binding on this court. Although state courts are competent to evaluate the constitutionality of state laws under the federal constitution, this court clearly may consider federal issues in its own right when not otherwise precluded from doing so. See Pitman v. Cole, 267 F.3d 1269, 1291 (11th Cir. 2001)("[w]hile state and federal courts have concurrent jurisdiction to decide federal law issues. . ., federal courts have the responsibility for deciding those issues when they arise in federal court.")(internal citations omitted). Moreover, the Georgia Supreme Court's decision to dismiss also issued a remittitur. Upon remittitur, the superior court in that case is required to take action that will give effect to the Supreme Court's judgment. O.C.G.A. § 5-6-10. When an appellate court's decision does not finally dispose of the case, the trial court must set the case for a new trial. O.C.G.A. § 5-5-

49(a); See, e.g., Bolden v. State, 257 Ga. Ct. App. 474 (2002). As Fulton County points out, no action by the parties or the superior court has been taken in that case. [Def.'s Mem. in Resp. to Pl.'s Supplemental Br. in Supp. Of Summ. J., 3, Doc. No. 91-1.] Consequently, whether the superior court's judgment in Maxim is still valid is questionable at best. In any event, regardless of whatever action the superior court may take in that matter, this court's decision here is grounded entirely on its April 7 Order, issued before the superior court's judgment. Accordingly, although it is in accord with this court's rationale, the state court's decision in Maxim Cabaret that the Fulton County ordinance is unconstitutional under the First Amendment is not binding on this court.

The plaintiffs' arguments that this court must give full faith and credit to the state court's decision in Maxim Cabaret is misplaced because, to the extent it would be applicable in this case, state law would not preclude the particular parties in this case from litigating this matter in state court. See Matsushita Elec. Indus. Co., v. Epstein, 516 U.S. 367, 374-75 (1996)("the preclusive effect in federal court of [a] state-court judgment is determined by [state] law")(internal citations omitted); Nally v. Bartow County Grand Jurors, 280 Ga. 790 (2006)(res judicata and collateral estoppel require identity of parties in Georgia).

Fulton County, on the other hand, argues that while the Superior Court's decision in Maxim Cabaret is not binding upon this

court, the Georgia Supreme Court's decision in I.D.K. is binding because there the Georgia Supreme Court upheld the constitutionality of the same ordinance at issue here. However, that argument fails because the Georgia Supreme Court considered only the constitutionality of the license fee provision of the ordinance, not the ordinance as a whole. Since I.D.K. dealt with the more narrow issue of whether a certain provision of the 2001 Adult Entertainment Establishment Ordinance was unconstitutional, it is not controlling in this case, where the issue is the constitutionality of the ordinance as a whole.

Thus, because this court has determined that neither of the most recent state court cases considering the ordinance at issue here is applicable, this court's conclusion in its previous order stands. Fulton County has failed to show that the ordinance furthers an important governmental interest because it did not consider the most comprehensive analysis of the secondary effects of alcohol consumption in adult entertainment establishments. Instead, the defendants relied on less relevant studies that supported the county's goal. Once again, this court concludes that it was unreasonable to ignore the most relevant local study in favor of a less comprehensive study and foreign studies; therefore, the ordinance is an unconstitutional restraint on the plaintiffs' constitutional rights under the First Amendment. Accordingly, the court GRANTS the plantiffs' Motions for Summary Judgment. The

court need not address the plaintiffs' other arguments as to why the ordinance is unconstitutional.

For the foregoing reasons, the plaintiffs' Motion for Summary Judgment [Case 1:01-cv-03109, Doc. 68] is GRANTED; the plaintiff's Motion for Summary Judgment [Case 1:01-cv-03696, Doc. 45-1] is also GRANTED.  The only issue remaining in these cases is the issue of damages.  The parties previously submitted a proposed pretrial order, which the court signed on January 11, 2005.  However, since the issues have been narrowed since that order was signed, the parties are directed to submit a new proposed pretrial order within 30 days from the docketing of this order.

SO ORDERED, this 12TH day of October, 2006.

ROBERT L. VINING, JR
Senior United States District Judge